UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS


**CRYSTAL G. HOWARD,**

Plaintiff,                                    Civil Action No.

                                              11-CV-07905 (DOW)

v.

**INLAND SBA MANAGEMENT CORP.,** and
**SOMERCOR 504, INC.,**

Defendants.


## AMENDED COMPLAINT AND JURY DEMAND

Comes now the plaintiff, Crystal Howard, and, pursuant to the request of counsel for the defendant, Inland SBA Management Corp. (hereinafter "Inland"), for a more definite statement concerning the causes of action as they concern that company, amends her complaint as follows:

### JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. section 1331. Specifically, this is a case brought under Title VII of the Civil Rights Act of 1964, as amended, alleging discriminatory and retaliatory treatment of the plaintiff in her employment with the defendants on the basis of her race (African American), gender (female) and her having participated in EEO activities and/or having opposed discriminatory practices.

### VENUE

2. The venue of this Court to entertain this cause of action is appropriate by virtue of 42 U.S.C. section 2000e-5(f) insofar as all of the actions central to this case occurred within this judicial district.

**THE PARTIES**

3.   The plaintiff, Crystal G. Howard, currently resides in Garland, Texas.  At the time of the events central to her claims, she was employed by both the defendant, Somercor 504, Inc. (hereinafter "Somercor") and Inland.  Specifically, she began working for Somercor as a Director and Servicing Manager in March of 2004.  Pursuant to a contractual relationship between Somercor and Inland, in February of 2005, the plaintiff became an employee of Inland while continuing to work at Somercor's offices and she continued to be supervised on a day to day basis by Somercor managers.

4.   The defendant, Somercor 504, Inc. ("Somercor"), is an Illinois corporation with a principal address at 601 LaSalle Street in Chicago.

5.   The defendant, Inland SBA Management Corporation ("Inland"), is an Illinois corporation with a principal address at 2901 Butterfield Road in Oak Brook, Illinois.

**ADMINISTRATIVE PROCEEDINGS**

6.   Within the time prescribed by law, the plaintiff brought three charges of discrimination against the defendants before the Chicago District Office of the EEOC.  The EEOC Charge Numbers for the charges are 440-2009-00311, 440-2009-00312 and 440-2010-00449. Those charges remained pending before the EEOC for more than 180 days and the plaintiff requested and received right-to-sue letters concerning them.  With respect to the first charge (440-2009-00311) the EEOC notified the plaintiff that it had found probable cause that discrimination had occurred relative to her.  By the time she had requested her right-to-sue letters, the Commission had not yet made a determination concerning the subsequent two charges.  This action is being filed within 90 days following her receipt of those right-to-sue letters.  The charges filed with the

EEOC are attached hereto.

## THE CONTROVERSY

7. For her cause of action against the defendants, the plaintiff, an African American female, states as follows:

8. The plaintiff began working for the defendant, Somercor, in March of 2004 in the position of Director and Servicing Manager. Pursuant to a contractual relationship between the defendants, in February of 2005, the plaintiff became an employee of Inland, receiving employment benefits from that company, including payment for her work. She continued to work at Somercor's offices, however, and continued to be supervised by Somercor's managers.

9. Near the end of 2007, the plaintiff perceived that caucasian male employees who had started working at Somercor after she had started were being promoted while she was not. She brought her observations to the attention of her managers at Somercor and they promised that she too would be promoted. She expressed to them that she needed additional staff for her division and they promised to provide those additional resources to her.

10. Her manager, David Franks, began to make comments to the plaintiff about the her appearance and how attractive she looked. He referred to the plaintiff and her staff as his "servicing girls." In May of 2008, Franks suggested that the plaintiff spend the night with him in Las Vegas. Following a meeting at Inland's offices, the complainant contacted an Inland Human Resources representative, Myra Smith, to complain about Franks, including his hugging of the plaintiff prior to their meeting at Inland. Franks' conduct had taken on a physical dimension.

11. The plaintiff again complained to Inland's Human Resources employee, Smith, in August of 2008 about continuing discrimination to which she believed she was subjected at Somercor. At Smith's request, the plaintiff forwarded a letter to Inland's Human

Resources office describing her concerns. The following month, Inland's Human Resources personnel visited Somercor's offices and interviewed the plaintiff and other Somercor employees. Immediately following that visit, the plaintiff perceived that her managers stopped speaking to her. A member of Somercor's Board of Directors, John Winnick, who, while not a Somercor employee, rented space in the company's offices, then asked to meet with the plaintiff. He informed her that she'd better play ball and that he would hate to see her out on the street in such a bad economy. The plaintiff then reported that incident to Inland's Human Resources Manager.

12. Inland's Human Resources Manager then informed the plaintiff that no one at Somercor had done anything wrong or improper. The plaintiff then filed her initial charge of discrimination against the defendants with the EEOC's Chicago District Office.

13. Following her filing of her charges of discrimination with the EEOC, the plaintiff was demoted to the position of Loan Servicing Analyst. An African American woman, Stephanie Day, who previously worked for Somercor, as rehired and became the plaintiff's supervisor. The plaintiff perceived that her work under Day was so hostile and her work requirements so unreasonable that she was being pressured to resign. She believed that Day had been hired to drive her out of her job, and, further, that by having an African American female supervisor do so would appear nondiscriminatory.

14. On September 11, 2009, the defendants fired the plaintiff.

## CAUSES OF ACTION

### COUNT I

15. The plaintiff incorporates by reference the averments of paragraphs six through fourteen as though fully set forth at length herein.

16. The defendants, through their managers, acted in violation of Title VII of the Civil Rights Act of 1964 by unlawfully discriminating against the plaintiff on the basis of her race and gender.

17. The plaintiff suffered harm as a result of the defendants' conduct, including severe financial harm and mental and physical suffering.

**COUNT II**

18. The plaintiff incorporates by reference the averments of paragraphs six through fourteen as though fully set forth at length herein.

19. The defendants, through their managers, subjected the plaintiff to retaliatory conduct in violation of Title VII of the Civil Rights Act of 1964 insofar as the actions taken against her, including those referenced above, resulted from her participation in the EEO process and/or her opposition to her managers' discriminatory practices.

20. The plaintiff suffered harm as a result of the defendants' conduct, including severe financial harm and mental and physical suffering.

**COUNT III**

21. The plaintiff incorporates by reference the averments of paragraphs six through fourteen as though fully set forth at length herein.

22. The plaintiff was subjected to sexual harassment on the part of the defendant, Somercor's, managers. Inland's personnel failed to take prompt, effective remedial action relative to that conduct.

23. The plaintiff suffered harm as a result of that sexual harassment, including mental and physical suffering.

**COUNT IV**

24. Incorporating by reference the averments of paragraphs six through fourteen, the defendant, Somercor, through the company's managers, subjected the plaintiff to a hostile work environment as a result of the discriminatory conduct referenced above, including her participation in EEO activities and/or her opposition to their discriminatory, unlawful conduct. Inland, through its managers, was aware of that hostile work environment and either promoted it or, at the very least, failed effectively to remedy it.

**DEMAND FOR RELIEF**

25. The plaintiff respectfully demands the following relief from the defendants:

    a. Enter a declaratory judgment determining that the plaintiff suffered discrimination as alleged in Counts I through IV;

    b. Award compensatory damages to the plaintiff;

    c. Assess against the defendants the costs and expenses incurred by the plaintiff in maintaining this proceeding, together with reasonable attorneys fees incurred by her in prosecuting this case;

    d. Award punitive damages to the plaintiff; and

    e. Any and all other relief to which the plaintiff may be entitled.

**JURY DEMAND**

The plaintiff demands trial by jury on all issues raised

herein.

CRYSTAL G. HOWARD

By her Attorney,


/s/Waite P. Stuhl
6342 Waterman Avenue
St. Louis, MO 63130
314-726-1182
email: wstuhl@sbcglobal.net

CERTIFICATE OF SERVICE

    I, Waite P. Stuhl, certify that I served a copy of the foregoing document upon counsel for the defendants by electronically transmitting same through the Court's ECF filing system this 27th day of April, 2012.


/s/Waite Stuhl