## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7905 | **DATE** | 6/11/2012 |
| **CASE TITLE** | Howard vs. Inland SBA Management Corp. et al. | | |

**DOCKET ENTRY TEXT**

Before the Court is Defendant's motion to dismiss [15] pursuant to Fed. R. Civ. P. 4(m). For the reasons below, Defendant's motion [15] is denied. The stay of discovery [see 30] is lifted and the case remains set for status on 9/18/2012 at 9:00 a.m. [see 25].

■[ For further details see text below.] Docketing to mail notices.

### STATEMENT

Under the Federal Rules of Civil Procedure, a Plaintiff has 120 days after a complaint is filed to serve the Defendant or the Court may dismiss the action without prejudice, unless the plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m). If good cause exists, the court must extend the time for service for an appropriate length of time. *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). But if good cause does not exist, it is in the Court's discretion to either dismiss the action without prejudice or direct that service be effected within a specific amount of time. *Id.*

Here, Plaintiff filed her complaint on November 7, 2011, but did not serve Defendant until 158 days later, on April 13, 2012. Defendant argues that because Plaintiff has failed to show good cause for the delay, Plaintiff's complaint should be dismissed without prejudice. Plaintiff does not attempt to claim good cause; rather, Plaintiff's counsel explains repeated failed attempts at service that were attempted with the assistance of the Cook County Sheriff.

The Court agrees that Plaintiff cannot satisfy a "good cause" standard, which means that it lies within the Court's discretion to dismiss the case or direct that service be made within a specified period of time. *Troxell v. Fedders of North America, Inc.*, 160 F.3d 381,383 ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service."). In this instance, there are good arguments for either outcome, but on balance the Court concludes that the reasons to permit the case to go forward despite the late service are stronger than the reasons to dismiss the case. Most notably in favor of exercising discretion in Plaintiff's favor are the following: (1) Defendant was already served (although belatedly), (2) the statute of limitations bar would come into play in the event of a dismissal (making a motion to dismiss without prejudice in reality a motion to dismiss with prejudice), and (3) Plaintiff did make some attempt to serve the complaint within the initial 120 day period. To be sure, as counsel acknowledges, better initial and follow-up efforts could (and should) have been made. With that said, the delay in serving

**STATEMENT**

the complaint extended only a little more than a month past the 120-day deadline and Defendant has not made any strong showing of prejudice.

In view of the foregoing, the Court denies Defendant's motion [15] and gives Plaintiff twenty-one days to serve Defendant. See *id*. (noting that "district courts are permitted to take factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit and the eventual service into account"). However, it appears that the extension may be a mere formality in this instance, because the docket and briefing indicates that (1) Defendant already has been served and (2) the parties have submitted a joint discovery plan [24]. The stay of discovery [see 30] is lifted and the case remains set for status on 9/18/2012 at 9:00 a.m. [see 25].